UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-24617-RNS

JOSE OSORIO, and other
similarly situated individuals,

        Plaintiff,

v.

1200 MANAGEMENT GROUP, LLC d/b/a
Bodega Taqueria y Tequila; JUSTIN LEVINE;
and KEITH MENIN,

        Defendants.
_____/

**JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT WITHOUT COMPROMISE AND DISMISSAL WITH PREJUDICE**

PLAINTIFF, JOSE OSORIO and other similarly situated individuals ("Plaintiff") and DEFENDANTS 1200 MANAGEMENT GROUP, LLC d/b/a Bodega Taqueria y Tequila ("1200 Management"), JUSTINE LEVINE ("Levine") and KEITH MENIN ("Menin") (collectively the "Defendants") (Plaintiff and Defendants collectively the "Parties"), by and through their undersigned attorneys, hereby jointly move this Court for approval of a proposed Settlement Agreement and Release of Claims ("Settlement Agreement"), and respectfully request dismissal of the above-captioned action in its entirety with prejudice.

**Procedural History and Stipulated Facts**

Plaintiff has filed this lawsuit seeking damages under the Fair Labor Standards Act, 29 U.S.C. § 201 ("FLSA"). The Plaintiff alleges that he was employed by 1220 Management from January 10, 2015 through August of 2016, and during this time period he regularly worked over forty (40) hours per week but was not compensated at one and a half times his regular wage rate

for workweek hours worked over forty, as is required by the FLSA. Plaintiff also alleges that Levine and Menin, as managers of 1220 Management, are jointly liable for the Plaintiff's damages. The Defendants deny that 1220 Management employed the Plaintiff, and deny that they were responsible for compensating the Plaintiff. The Plaintiff has used his memory to calculate his overtime wages. *See* D.E. 27, p.4. The Defendants have provided to Plaintiff time records which substantiate these calculations, and the Parties agree that the Plaintiff's provided estimates are generally accurate. Moreover, the Parties resolved Plaintiff's individual claim before discussing any amounts for attorney's fees and costs.

## MEMORANDUM OF LAW

In settling private FLSA suits, the parties may "present the district court a proposed settlement" and "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306 (11th Cir. 2013), citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Eleventh Circuit has acknowledged that, "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354; *Cruz v. Winter Garden Realty, LLC*, 2013 WL 4774617 (M.D. Fla., Sep 4, 2013), at *3. "Unless the employer offers the plaintiff full compensation of his FLSA claim and no compromise is involved, the employee must present the proposed settlement to the Court for approval." *Vazquez v. 1052 LLC*, 2016 U.S. Dist. LEXIS 17055 at *2 (S.D. Fla. 2016). However, if a settlement agreement in an employee FLSA suit includes an agreement to pay full compensation, without compromise, the agreement is exempted from the requirement that the Court review it and

approve its terms. *See Jarvis v. City Elec. Supply Co.*, 2012 U.S. Dist. LEXIS 37195 at *18 (M.D. Fla. 2012).

The Parties agree the Plaintiff will be paid his full compensation he is seeking in this lawsuit per the terms of the Settlement Agreement, and that there has not been a compromise of the Plaintiff's claims. The Settlement Agreement should therefore be approved by this Court without the necessity of judicial scrutiny under the standard set forth in *Lynn's Food* cited *infra*. *See Jarvis* at *18 ("[A]n agreement to pay full compensation, without compromise, exempts the agreement from the requirement that the Court review and approve the terms the parties may have agreed to, and a court need not reach whether the non-cash concessions are, indeed fair.") *See also Hernandez v. Iron Container, LLC*, 2014 U.S. Dist. LEXIS 19781 (S.D. Fla. 2014); *Comstock v. Fla. Metal Recycling, LLC*, 2009 U.S. Dist. LEXIS 47218 (S.D. Fla. 2009); *Daigle v. Angeline Enters.*, 2015 U.S. Dist. LEXIS 155266 at *6 (M.D. Fla. 2015) ("[O]nce the parties have agreed that Plaintiff will receive every penny he is entitled to under the FLSA and that compensation will not be diluted by attorneys['] fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done"); *Wallace v. Traffic Control Devices, Inc.*, 2014 U.S. Dist. LEXIS 61848 at *5 (M.D. Fla. 2014). As such, the Parties request that this Court approve the Settlement Agreement based on the Parties' representation that there has been no compromise, and dismiss this case, with prejudice

## **CONCLUSION**

WHEREFORE the Parties respectfully request that this Court enter an order approving the Settlement Agreement, and dismiss this case, with prejudice.

| | |
|---|---|
| **SAENZ & ANDERSON** | **LIEBLER, GONZALEZ & PORTUONDO** |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |
| 20900 NE 30th Avenue | Courthouse Tower - 25th Floor |
| Suite 800 | 44 West Flagler Street |
| Aventura, Florida 33180 | Miami, FL 33130 |
| Telephone: (954) 920-5153 | Telephone: (305) 379-0400 |
| Facsimile: (888) 270-5549 | Facsimile: (305) 379-9626 |
| | |
| By: s/ R. Edward Rosenberg | By: s/ Chad K. Lang |
| R. MARTIN SAENZ | CHAD K. LANG |
| Florida Bar No. 0640166 | Florida Bar No. 0156922 |
| Email: msaenz@saenzanderson.com | Email: ckl@lgplaw.com |
| R. EDWARD ROSENBERG | CHARLES E. STOECKER |
| Florida Bar No. 88231 | Florida Bar No. 92560 |
| Email: ed@saenzanderson.com | E-mail: ces@lgplaw.com |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on April 27, 2017 on all counsel of record on the service list attached via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ R. Edward Rosenberg
R. Edward Rosenberg, Esq.